UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXANDER LYONS,

                    Petitioner,                Case Number: 15-CV-13097
                                                      Honorable Laurie J. Michelson

v.

DAVID BERGH,

                    Respondent.

_____/

**OPINION AND ORDER DENYING RESPONDENT'S MOTION FOR ORDER
DISMISSING APPLICATION FOR WRIT OF HABEAS CORPUS [6]**

Petitioner Alexander Lyons, a Michigan prisoner, was convicted of first-degree felony murder and felony firearm in the shooting death of Johnathan Clements. He has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent David Bergh has filed a motion to dismiss the petition for failure to exhaust all claims. (R. 6.) The Court agrees that the petition asserts both exhausted and unexhausted claims. But dismissal of the mixed petition would jeopardize the timeliness of a future petition. The Court will therefore deny the motion to dismiss and allow Petitioner to inform the Court how he wishes to proceed.

**I. Background**

Petitioner's convictions arise from the shooting death of Johnathan Clements in Hazel Park, Michigan. Petitioner set up a Craigslist ad to sell his cell phone. Clements made arrangements to buy it from Petitioner. In a statement to police, Petitioner said that he and co-defendant Lamar Deangelo Clemons intended to rob Clements rather than sell him a phone. (R. 1, PID 25.) After exchanging the cell phone for the money, Petitioner pulled out a gun and

demanded that Clements return the phone. (*Id.*) Petitioner told police that Clements turned and fidgeted, so Petitioner thought he might be reaching for a gun and shot him. (*Id.*) After Clements turned again, Petitioner believed he might still be reaching for a gun, so Petitioner shot him again. (*Id.*)

Following a joint trial with co-defendant Clemons, before separate juries, Petitioner was convicted of first-degree felony murder, Mich. Comp. Laws § 750.316(1)(b), and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. On October 3, 2011, Petitioner was sentenced to life imprisonment for the murder conviction, and two years' imprisonment for the felony-firearm conviction. (*See* R. 7-11.)

Petitioner filed an appeal as of right in the Michigan Court of Appeals. He raised claims that a police detective was improperly permitted to testify as to the truthfulness of certain witnesses, counsel was ineffective for failing to object to the detective's testimony, and insufficient evidence was presented to satisfy the malice element of first-degree felony murder. He raised two additional claims in a pro per supplemental brief: counsel was ineffective in not challenging the probable cause determination, and counsel was ineffective in failing to ask for an instruction on statutory involuntary manslaughter. The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Lyons*, No. 306462, 2013 WL 6921521 (Mich. Ct. App. Dec. 26, 2013).

Petitioner then filed an application for leave to appeal in the Michigan Supreme Court. He raised the same claims raised in the Michigan Court of Appeals and these additional claims: (i) appellate counsel was ineffective in failing to raise claims that trial counsel was so ineffective as to result in the constructive denial of counsel, and that trial counsel was ineffective in failing to object to a Confrontation Clause violation, and that the prosecutor engaged in misconduct; (ii)

trial counsel was ineffective in failing to conduct a reasonable investigation, timely file pretrial motions for discovery, secure production of certain witness names, subject the prosecution's case to meaningful adversarial testing, object to the admission of inadmissible evidence related to internet data compilation and telephone records, and in failing to compel the production of the prosecution's nontestifying witnesses; and (iii) prosecutorial misconduct. The Michigan Supreme Court denied leave to appeal because it was "not persuaded that the questions presented should be reviewed by this Court." *People v. Lyons*, No. 148785, 847 N.W.2d 509 (Mich. June 24, 2014). Petitioner did not petition the United States Supreme Court for certiorari, nor did he file a state-court collateral appeal. (R. 1, PID 4.)

Petitioner filed the pending habeas corpus petition on August 26, 2015. He raises these claims:

I.      Petitioner was denied his constitutional right to confront and cross-examine Latasha Pettas, who did not appear at trial, when Detective Roettger was allowed to testify to the substance of Pettas's testimonial, out-of-court statement, offered into evidence against petitioner for its truth, where there was no showing of Pettas's unavailability to appear at trial.

II.     The admission of incompetent and repeated testimony at trial from detective Roettger opining and commenting on the credibility and ultimate guilt of Petitioner, as well as the credibility of Joseph Browder and Latasha Pettas, was so egregious that it violated Petitioner's rights under the due process clause to a fundamentally fair trial where the central issue at trial centered solely on the credibility of Petitioner, Pettas, and Browder.

III.    Petitioner was denied his constitutional right to due process and a fair trial, when the prosecutor improperly elicited an opinion about Petitioner's credibility from the law enforcement agent who interviewed him, and further sought testimony from that agent that suggested the guilt of petitioner to the jury.

IV.     Petitioner was denied his constitutional right to the effective assistance of counsel due to all of the following: (i) Trial counsel failed to object on Confrontation Clause grounds to the admission of Pettas's out-of-court statement introduced at trial through the testimony of Detective Roettger. (ii) Trial counsel failed to object to the admission of Detective Roettger's opinion-testimony regarding the credibility of petitioner Lyons,

Joseph Browder, and Latasha Pettas, as well as his opinion that suggested the guilt of Petitioner to the jury. (iii) Trial counsel failed to object to prosecutor misconduct.

V.      Petitioner's conviction for felony murder must be reversed where the prosecution failed to present sufficient evidence of malice to satisfy the constitutional due process standard of guilt beyond a reasonable doubt.

Respondent has filed a motion for dismissal of the petition on the ground that Petitioner failed to exhaust his state court remedies. (R. 6.) Petitioner has not filed a response to the motion.

## II. Discussion

A state prisoner seeking federal habeas corpus relief must first exhaust available state court remedies in state court before raising a claim in federal court. 28 U.S.C. § 2254(b)–(c). To exhaust state court remedies, a claim must be fairly presented "to every level of the state courts in one full round." *Ambrose v. Romanowski*, 621 F. App'x 808, 814 (6th Cir. 2015) (citation omitted); *see also Wagner v. Smith*, 581 F.3d 410, 418 (6th Cir. 2009) ("For a claim to be reviewable at the federal level, each claim must be presented at every stage of the state appellate process."). A claim is fairly presented "[o]nly where the petitioner presented both the factual and legal basis for his claim to the state courts." *Ambrose,* 621 F. App'x at 814 (internal quotation marks and citation omitted). A petitioner bears the burden of showing that state court remedies have been exhausted. *Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012).

Respondent argues that Petitioner's first, third, and portions of his fourth claim (regarding his claims that counsel was ineffective for failing to object on Confrontation Clause grounds to the admission of Pettas's out-of-court statement and counsel was ineffective in failing to object to prosecutorial misconduct, *i.e.*, sub-parts (i) and (iii)) for habeas relief were not properly exhausted in state court. Petitioner acknowledges that he presented these claims for the first time in his application for leave to appeal in the Michigan Supreme Court. (R. 1, PID 33.) Yet raising a new claim for the first time to a state's highest court on discretionary review does not

4

constitute fair presentation of the claim to the state courts. *Skinner v. McLemore*, 425 F. App'x 491, 494 (6th Cir. 2011) (citing *Castille v. Peoples*, 489 U.S. 346, 349 (1989)). These claims thus are not properly exhausted. As such, the Petition is a "mixed" one.

"A federal district court, generally speaking, may not grant the writ on a 'mixed' petition, one containing claims that the petitioner has pressed before the state courts and claims that he has not." *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009) (citing 28 U.S.C. § 2254(b)(1)(A) and *Rhines v. Weber*, 544 U.S. 269, 273–74, 125 S.Ct. 1528 (2005)). When confronted with a mixed petition, the Court can "do one of four things":

> (1) dismiss the mixed petition in its entirety, *Rhines,* 544 U.S. at 274, 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id.* at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id.* at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and *deny* the petition on the merits if *none* of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

*Harris*, 553 F.3d at 1031–32 (emphasis in original).

Unless the Court hears otherwise from Petitioner (as discussed below), it will choose the third option, and allow Petitioner to dismiss the unexhausted claims and proceed solely on the exhausted claims that he raised to the Michigan Court of Appeals in his direct appeal.

The first option would be severe because of a lurking statute of limitations issue. The one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Michigan Supreme Court denied Petitioner's application for leave to appeal on June 24, 2014. Petitioner's convictions then became final ninety days later, on September 22, 2014, when the time for filing a petition for a writ of certiorari in the United States Supreme Court expired. The one-year limitations period commenced the following day, September 23, 2014. *See Bronaugh v. Ohio*, 235 F.3d 280, 284–85 (6th Cir. 2000) (holding that

the last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions). Petitioner filed the pending petition on August 26, 2015, just four weeks before the limitations period expired. As a result, dismissal without prejudice in order to allow Petitioner to exhaust his state court remedies would likely foreclose future federal habeas review.

As for the second option, the Court sees no reason to stay the petition at this time so that Petitioner can return to state-court to exhaust his unexhausted claims. First, Petitioner has not asked for this relief. Additionally, a stay is only appropriate if there was good cause for the petitioner's failure to exhaust his claims first in state court, the claims are not "plainly meritless," and the petitioner did not engage in intentionally dilatory litigation tactics. *Rhines,* 544 U.S. at 277–78. Though Respondent mentioned the stay and abeyance procedure in his motion to dismiss, Petitioner did not respond to the motion. Thus, the Court does not currently have a basis to conclude that there was good cause for the failure to exhaust. And the Court is under no obligation to address the stay and abeyance procedure *sua sponte. See Robbins v. Carey*, 481 F.3d 1143, 1149 (9th Cir. 2007). Nonetheless, the Court will allow Petitioner to submit a request to stay the petition and hold it in abeyance so that he can pursue his unexhausted claims in state-court. If Petitioner chooses that route, he should explain why there was good cause for his failure to exhaust his claims, why his unexhausted claims are not plainly meritless, and why his delays and failure to exhaust were not intentionally dilatory litigation tactics.

Finally, as for the fourth option, it would be premature to examine the claims on the merits, as the parties have not fully briefed the merits of the claims.

### III. Conclusion

For the reasons set forth above, IT IS ORDERED that Respondent's Motion for Order Dismissing Petitioner's Application for Writ of Habeas Corpus for Failure to Exhaust All Claims (R. 6) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Petitioner must inform the Court within 30 days of the date of this order whether he wishes to (1) voluntarily dismiss his mixed petition, (2) have this Court hold his petition in abeyance while he returns to state court to raise his unexhausted claims there, or (3) dismiss his unexhausted claims and have the Court proceed with his exhausted claims. Should Petitioner fail to inform the Court of his choice within 30 days, the Court will proceed with the third option.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
Dated: March 10, 2017                    U.S. DISTRICT JUDGE


### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 10, 2017.

s/Keisha Jackson
Case Manager